UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
:
IN RE: CELSIUS NETWORK LLC  :  **ORDER DENYING MOTION**
 :  **FOR LEAVE TO FILE APPEAL**
 :
 :  25 Civ. 6043 (AKH)
 :
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Emil Bailey seeks leave to file an interlocutory appeal of the Bankruptcy Court's Order dismissing his counterclaims against Plaintiff Mohsin Y. Meghji, Litigation Administrator for Celsius Network LLC and its affiliated debtors. The motion for leave to appeal is denied.

      Leave to file an interlocutory appeal may be granted when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also S.E.C. v. Credit Bancorp, Ltd.*, 103 F.Supp.2d 223, 226 (S.D.N.Y. 2000). Leave to file an interlocutory appeal should be granted only under "exceptional circumstances," and is disfavored in the Second Circuit. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990).

      In the underlying bankruptcy litigation, Meghji filed an adversary proceeding against Bailey on July 12, 2024, alleging causes of action for turnover, fraudulent transfer, unjust enrichment, and conversion. Bailey asserted counterclaims for breach of contract and unjust enrichment on December 9, 2024. The Bankruptcy Court dismissed the counterclaims, finding that they were barred because Bailey was an unknown creditor who received sufficient notice of the bar date and failed to timely submit a claim. Bankruptcy Court Order, Ex. A, ECF No. 4. Bailey now seeks appellate review of that Order.

1

The issues raised by Bailey are not appropriate for interlocutory appeal. The Bankruptcy Court's Order did not involve a controlling question of law as to which substantial grounds for difference of opinion exist, but rather stemmed from the application of settled law to the facts. Moreover, an interlocutory appeal would not materially advance the ultimate termination of the litigation: it would only extend that litigation.

The Clerk is directed to terminate the open motion, ECF No. 3, and close the case.

SO ORDERED.

Dated:   August 25, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge